**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISON**

IN RE:  John L.B. Donald               :               CASE NO.   16-14544


Debtor(s)                   :               CHAPTER 13

**THIRD AMENDED CHAPTER 13 PLAN OF THE DEBTOR**

---

☐ Original
☒ **THIRD Amended**


Date: 5/30/2018

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

## Part 1: Bankruptcy Rule 3015.1 Disclosures

☒ **Plan contains non-standard or additional provisions – see Part 9**

☐ Plan limits the amount of secured claim(s) based on value of collateral

☒ **Plan avoids a security interest or lien**

# Part 2: Payment and Length of Plan

### § 2(a)(1) Initial Plan:

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee"): <u>$300.00</u>**

Debtor shall pay the Trustee $ 5.00 per month for 60 months; and   Debtor shall pay the Trustee $ _____ per month for _____ months.

☒Other changes in the scheduled plan payment are set forth in § 2(d)

### § 2(a)(2) Amended Plan:

**Total Base** Amount to be paid to the Chapter 13 Trustee ("Trustee") <u>**$524.07**</u>

The Plan payments by Debtor shall consists of the total amount previously paid ($120.00) added to the new monthly Plan payments in the amount of <u>**$11.25**</u>   beginning <u>**7/27/2018**</u> (date) for <u>**36**</u> months.

☐Other changes in the scheduled plan payments are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c)** Use of real property to satisfy plan obligations:

☐ Sale of real property
See § 7(c) below for detailed description

☐Loan modification with respect to mortgage encumbering property:
See § 7(d) below for detailed description

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

**In accordance with the provisions of Part 9, below, the Trustee shall pay $3,000.00 of the total base amount on account of the allowed unsecured claim of**

# Part 3:  Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|----------|------------------|------------------------------|
|          |                  |                              |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Amount of Claim to be Paid |
|------------------|----------------------------|
|                  |                            |
|                  |                            |

# Part 4: Secured Claims

**§ 4(a) Curing Default and Maintaining Payments**

☒ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|----------|------|------|------|------|------|
|          |      |      |      |      |      |

**§ 4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| City of Philadelphia Philadelphia Gas Works | 306 W. Spencer Street, Philadelphia, PA 19120 | $464.86 | 1% | 12.14 | $477.00 |

### § 4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☒**None.** If "None" is checked, the rest of § 4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| | | | % | $ |
| | | | % | $ |

### § 4(d) Surrender

☒ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| | |
| | |

## Part 5: Unsecured Claims

### § 5(a) Specifically Classified Allowed Unsecured Non-Priority Claims

☒ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be Paid |
|---|---|---|---|---|
| | | | | |
| | | | | |

### § 5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test (check one box)

☒ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ for purposes of § 1325(a)(4)

(2) Funding: § 5(b) claims to be paid as follows (check one box):

☒ Pro rata

☐ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☐ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant §365(b) |
|---|---|---|
|  |  |  |

## Part 7: Other Provisions

### § 7(a) General Principles Applicable to The Plan

(1) Vesting of Property of the Estate (check one box)
☒ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.  Subject to the provisions

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees

and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c) Sale of Real Property**

☒ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____(the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

§ 7(d) Loan Modification

☒None. If "None" is checked, the rest of § 7(d) need not be completed.

(1) Debtor shall pursue a loan modification directly with or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents (describe basis of adequate protection payment). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

> Level 1: Trustee Commissions*
> Level 2: Domestic Support Obligations
> Level 3: Adequate Protection Payments
> Level 4: Debtor's attorney's fees
> Level 5: Priority claims, pro rata
> Level 6: Secured claims, pro rata
> Level 7: Specially classified unsecured claims
> Level 8: General unsecured claims
> Level 9: Untimely filed, allowed general unsecured claims

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

☐ **None.** If "None" is checked, the rest of § 9 need not be completed.

The Standard Plan provisions set forth above notwithstanding, the following Non-Standard and Additional Plan provisions shall apply.  In the event of a conflict the language of the following provisions shall supersede those of the standard language. To the extent possible they should be construed harmoniously.

§9(a)  Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322(d) that there is cause for extending the plan beyond 3 years.  Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the plan.

§9(b)  In resolution of the adversary filed by Debtor against HSBC the parties entered into a stipulation agreeing HSBC to be the holder of a secured claim secured by a lien on 306 W. Spencer

Avenue, Philadelphia, PA 19120, either in its own right or as agent for the holder of the claim. Because it is an obligation that is due within the life of the plan, pursuant to 11 U.S.C. §1322(c), it is subject to modification, 11 U.S.C. §1322(b)(2) notwithstanding.  See *Donald v HSBC Bank USA, as Trustee, Adv. #* 17-00044 *(*Bankr. E.D. Pa. July 20th, 2017) (Consent Order)(Docket item # 18).

§9(c)   At the time Debtor filed the instant bankruptcy the Pennsylvania Child Support Enforcement Unit of the Domestic Relations Branch of the Philadelphia Court of Common Pleas (First Judicial District) was deducting, and is continuing to deduct, approximately $282.23 a month from Debtor's Wages which it is supposed to be applying to the Domestic Support Obligation arrears. These payments shall continue until 100% of any Domestic Support Arrears is paid in full.

§9(d) On the effective date of the plan Debtor shall pay directly to HSBC, or to such other entity as HSBC shall direct in writing, a lump sum in the amount of **$32,745.79** on account of HSB's allowed secured claim (Claim # 1-2) in the amount of **$53,745.79**.  This payment shall reduce the unpaid balance of HSBC's allowed secured claim # 1-2 to **$21,000.00**.

§9(e)   Commencing 30 days after the effective date of the plan, Debtor shall pay directly to HSBC, or to such entity as HSBC directs in writing, the sum of $500.00 monthly until 100% of the **$21,000.00** unpaid balance of HSBC's allowed secured claim is paid in full along with all accrued simple interest, calculated on the unpaid principal balance of the allowed secured claim, after credit of the lump sum payment, from the effective date of the plan, at the rate of 3.25% simple interest *per annum*.

§9(f)   Debtor shall be required to make no payments to or for the benefit of HSBC other than those payments provided by paragraphs 9(d) and 9(e).

§9(g) When HSBC has received from Debtor payments totaling 100% of the allowed secured claim (Claim 1-2), plus all accrued interest, HSBC shall immediately, and without demand by Debtor or the Trustee, file a satisfaction piece with the Philadelphia Department or Records, noting that the mortgage has been satisfied.  At such time HSBC shall also mark satisfied the judgment in mortgage foreclosure in the case of **HSBC Bank USA, NA, as Trustee v. Donald, Phila. C.C.P. (F.J.D.) July Term 2013, No.04026.**

§9(h*)*  By failing to object to this plan, or any modification thereof, all creditors holding claims agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this plan.

§9(i**)**   Confirmation of this plan shall constitute a finding that the instant plan was proposed by the debtor in good faith within the meaning of 11 U.S.C. §1325(a)(3) and constituted Debtor's best effort within the meaning of 11 U.S.C. §727(a)(9) and that Debtor's bankruptcy was filed in good faith within the meaning of 11 U.S.C. §1325(a)(7).

§9(j)   Within 30 days of the order of the court confirming this Third Amended Chapter 13 Plan of Debtor HSBC, or its successor in interest, shall correct the records regarding Debtor's account to reflect the allowed secured claim filed pursuant to the settlement of the adversary and the provisions

of this confirmed chapter 13 plan. **HSBC AND ANY SUCCESSOR IN INTEREST SHALL BE SPECIFICALLY BARRED BY THE ORDER OF CONFIRMATION FROM ATTEMPTING IN ANY FORUM TO COLLECT FROM DEBTOR ON ACCOUNT OF ITS MORTGAGE AN AMOUNT THAT IS INCONSISTENT WITH THE CONSENT ORDER ENTERED BY THE COURT IN RESOLUTION OF THE ADVERSARY ACTION AND THE STIPULATION OF THE PARTIES ENTERED IN SETTLEMENT OF THE ACTION.**

§9(k)  Confirmation of this plan shall constitute an order that the debtor's continued possession of 306 W. Spencer Avenue, Philadelphia, PA 19120, is essential to the success of the debtor's plan and a finding that the debtor's plan would likely fail if the debtor were forced to relinquish possession of the property.

§9(l)   Upon completion of this plan, all debts listed in debtor's chapter 13 statement, except those excepted by 11 U.S.C. §1328(a)(1) or (a)(2), shall be discharged.

§9(m) **Commencing with the effective date of the plan, Debtor shall maintain the current real estate tax payments and shall maintain hazard insurance on Debtor's home.  HSBC nor its agent nor its successor in interest shall make any payments on taxes on Debtor's home or for insurance on the property. Should HSBC, or its agent or its successor directly or through an agent make such payments of real estate taxes or insurance, it shall do so as a volunteer, for its own benefit, and it shall have no recourse against Debtor for reimbursement of such payments.**

§9(n)  Debtor shall maintain HSBC as a loss payee on the liability insurance policy on his home to the extent of the unpaid balance of HSBC's allowed secured claim. (Claim 1-2).

§9(o)   Pursuant to 11 U.S.C. §506(d), and subject to the provisions of 11 U.S.C. §349(b)(1)(C), the lien represented by the mortgage and judgment in mortgage foreclosure which secured the claim of HSBC against Debtor – (Claim #1-2) **- is void to** the extent it exceeds the amount of that allowed secured claim - **$53,745.79**.

§9(p)  Such lien referred to in §9(o) above shall be totally extinguished upon payment by Debtor of the amounts provided for in §§ 9(d) and 9(e) above, no matter when those payments are completed.

§9(q)  The **effective date** of this plan shall **be the date of confirmation**.

§9(r) The trustee's commission shall be limited to 10% of the sums distributed by him even if that amount is less than $5.00 a month.

**Part 10: Signatures**

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the

Plan are VOID. By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.


**Date: May 30, 2018**

                                                        **/s/  Irwin Trauss_____**
                                                        **Irwin Trauss, Esquire**
                                                        **Attorney for Debtor**