UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re: JOHN L.B. DONALD** | : | |
| | : | |
| | : | |
| | : | |
| Debtor | : | Bankruptcy No. 16-14544 MDC |

## OBJECTION OF CHAPTER 13 STANDING TRUSTEE TO CONFIRMATION OF DEBTOR'S PLAN

  **AND NOW**, WILLIAM C. MILLER, ESQUIRE, chapter 13 standing trustee, objects to confirmation of debtor's Third Amended Plan ("Plan"), as follows:

1. Debtor's Plan, filed on May 30, 2018, departs from the form plan required in this District. The standing trustee objects and/or comments to the sub-sections of Part 9, as follows:

   9(a) – Unnecessary.
   9(b) – Unacceptable. See general objections below.
   9(c) – OK.
   9(d) – Unacceptable. See general objections below.
   9(e) – Unacceptable. See general objections below.
   9(f) – Unnecessary.
   9(g) – Unacceptable, to the extent debtor is making plan disbursements to HSBC.
   9(h) – Unnecessary.
   9(i) – Unnecessary.
   9(j) – Unacceptable, to the extent debtor is making plan disbursements to HSBC.
   9(k) – Unnecessary.
   9(l) – Unnecessary.
   9(m) – OK, except that debtor should be required to maintain insurance with liability coverage.
   9(n) – OK, provided that there is, in fact, insurance with liability coverage.
   9(o) – OK.
   9(p) – Unacceptable, to the extent debtor is making plan disbursements to HSBC
   9(q) – Unnecessary.
   9(r ) - Unacceptable.

2. General objections - The standing trustee repeats the objections set forth previously at docket no. 48. Debtor is attempting to secure the benefits of chapter 13 bankruptcy, without paying the corresponding statutory fees, as provided in 28 U.S.C. Section 586. This secured claim modification ability is expressly referenced in Section 9(b) of the Plan, wherein debtor cites his right to modify the HSBC obligation under the Bankruptcy Code.

3. The Plan violates 11 U.S.C. Section 1322(a)(1) in that it does not provide for the submission of such portion of future earnings or income of debtor to the supervision and control of the standing trustee as is necessary for the execution of the Plan. As a practical matter, the standing trustee will have no way of knowing whether debtor has complied with the Plan since no disbursements to the primary creditor, HSBC, are proposed to be

made by the standing trustee under the Plan.

4. Debtor recently filed a very late proof of claim on behalf of the City of Philadelphia/Philadelphia Gas Works. This was done solely to circumvent the standing trustee's argument regarding debtor's serving as his sole disbursing agent. This is unacceptable.

5. Debtor has one creditor, HSBC, with whom debtor was able to negotiate a favorable claim resolution under the Bankruptcy Code and the protections thereunder. He wants to avoid the standing trustee commission, which is literally the price a debtor must pay in order to avail oneself of chapter 13. If debtor does not want to pay the standing trustee commission, he should dismiss the case and deal with HSBC outside of bankruptcy. If for whatever reason, he wants to remain in bankruptcy, with whatever protections and rights it affords, he should not be permitted to avoid the commission.

**WHEREFORE**, the standing trustee requests that the Court enter an order in the form annexed hereto denying confirmation of the Plan.

Date:   June 25, 2018

/s/ William C. Miller

William C. Miller, Esquire
Chapter 13 Standing Trustee